## PIERCE v. HI-ACRES, Inc., et al.

Circuit Court, Lake County, Civil Appeal.

September 10, 1953.

T. C. Cork, Clermont, for appellant.

McGuire, Voorhis & Wells, Orlando, for the employer and insurance carrier, appellees.

T. G. FUTCH, Circuit Judge.

This is a workmen's compensation case wherein the deputy commissioner denied the claim, and the whole commission sustained the action of the deputy commissioner.

The deputy commissioner's findings, as affirmed by the full commission, were, among other things, that "it is clear that there is irreconcilable conflict in the testimony as to whether or not claimant's employment by Hi-Acres, Inc. required him to be *subject to call during all hours of day and night*."

Appellees' attorneys in their brief filed in this court, *admit* that "*Mr. Pierce was not on duty at all times, but was subject to call.*" That was not and is not the exact question to have been determined in this case. Be that as it were, there is no substantial conflict between the two sets of facts. Not a single witness for the employer, including the president of the employer corporation, gave any positive evidence to the contrary, and the factual circumstances surrounding decedent's employment point directly to such condition of his employment. He was furnished a home in which to live at "headquarters"; he was furnished a "company telephone" at his home; so far as the testimony shows, he was the only employee who could possibly be reached on the premises between 5:30 in the afternoon until 7 A.M. the next morning; he was paid a salary of $350 per month.

So it cannot be, as stated by the deputy commissioner and affirmed by the full commission, that there is "irreconcilable conflict in the testimony as to whether or not decedent's employment by Hi-Acres, Inc. required him to be *subject to call during all hours of the day and night*."

Neither can it be that the greater weight of testimony is against the contention of the claimant that her husband was on 24 hour duty. *What everyone knows, the court (and that includes the deputy commissioner and the full commission) is supposed to know.* Everyone knows that operations involving thousands of acres of citrus groves, and the necessary machinery and equipment and supplies incident thereto, as well as the requirements presented by weather conditions, are not left unguarded from 5:30 in the afternoon until seven the next morning, and when an employee is paid a salary of $350 per month, is furnished a home in which to live, and is furnished a "company" paid telephone, *he could not be a clock-watcher, but must be available at all times.* Citrus growers are but cotton plantation owners under a different name.

However, the exact question here involved is not the terms of employment, but, as contradictorily stated by the deputy commissioner—"had decedent in this case been on a special mission at the

request or direction of his employer . . ."—on this question there is no contradictory testimony. *The decedent's immediate superior testified that he did not remember directing him, Pierce, to inspect any grove after 5:30 P.M. on the fatal day. This witness was not trying to evade the truth. He did not recall because this was a regular practice.* As admitted by appellees' attorneys in their brief filed before this court, *he was subject to call at any time.*

*Not one witness produced by appellees contradicted the widow's claim that the decedent was returning from a mission for his employer arising out of and in the course of his employment.*

*Bradshaw,* the real employer, *evaded the question* and not one witness undertook to dispute the fact.

There is no competent substantial evidence to sustain the findings of the deputy commissioner. There is competent substantial evidence to sustain the claim made by the widow of the deceased. The order of the full commission will be reversed by appropriate order to be entered by this court.